SUMMARY ORDER

Petitioner Fequiere Edourd, a native and citizen of Haiti, seeks review of a July 31, 2008 order of the BIA affirming the October 16, 2006 decision of Immigration Judge (“IJ”) Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Fequiere Edourd, No. A 097 637 696 (B.I.A. July 31, 2008), aff'g No. A 097 637 696 (Immig. Ct. Hartford Oct. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When “the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, [this Court] reviews both the BIA’s and IJ’s opinions— or more precisely, [the Court] review[s] the IJ’s decision including the portions not explicitly discussed by the BIA.” Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial- evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination. The agency properly found discrepancies: (1) within Edourd’s testimony regarding the date that he received medical treatment in December 2001; (2) between his testimony and the documentary evidence that he submitted regarding the date that he received medical treatment in December 2001; and (3) within Edourd’s testimony regarding the date that he was allegedly targeted for persecution in April 2003. See 8 U.S.C. § 1252(b)(4)(B); Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006); Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106 (2d *831 Cir.2006). While Edourd offered explanations for these discrepancies, they were not so compelling that any reasonable adjudicator would have been compelled to reach a contrary conclusion. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).
To the extent Edourd challenges the IJ’s other credibility findings, we decline to consider these arguments. Even if the IJ’s remaining findings were in error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006). Ultimately, substantial evidence supported the IJ’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); Liang Chen, 454 F.3d at 106. Accordingly, the IJ properly denied Edourd’s application for asylum and withholding of removal relief where the only evidence that he would be persecuted depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
In addition, Edourd waives any challenge to the agency’s denial of his application for CAT relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).